UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

J.N., a child with a disability, individually and
by his parent and next friend, M. N.,

                              Plaintiff,

             -vs-                                  07-CV-00533-JTC

DEPEW UNION FREE SCHOOL DISTRICT,

                              Defendant.

---

This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401, *et seq.*, seeking judicial review of the decision of a State Review Officer ("SRO") regarding the issue whether a personal aide hired by defendant Depew Union Free School District (the "District") was qualified to provide services to plaintiff J.N., a disabled student, during the 2005-06 and 2006-07 school years. Defendant has moved for summary judgment dismissing the action (Item 6), and plaintiff has cross-moved for summary judgment (Item 10).

For the reasons that follow, defendant's motion is granted, and plaintiff's cross-motion is denied.

**BACKGROUND**

The following facts are not in dispute.[1] J.N. was born in 2000. He suffers from Extrapyramidal Cerebral Palsy, and is classified by the District's Committee on Special Education ("CSE") as a student with an orthopedic impairment.[2]

Pursuant to an Individualized Education Program ("IEP") developed by the CSE, J.N. attended a full-day kindergarten program at Cayuga Heights Elementary School during September and October 2005, and received educational and related services (including physical therapy, occupational therapy, speech-language therapy, school counseling, and a "one-to-one" personal aide) from personnel employed by the District or contracted through Personal Care Therapeutics. In October 2005, J.N.'s parents determined that J.N. should receive educational services at home for the remainder of the school year, and removed him from the kindergarten program at Cayuga Heights.

The CSE met again in August 2006 to develop a new IEP for J.N. for the 2006-2007 school year, recommending that J.N. repeat kindergarten at Cayuga Heights. In September 2006, before the school year started, J.N.'s parents requested an impartial due process hearing pursuant to the IDEA to challenge several aspects of the District's implementation of J.N.'s IEP. *See* 20 U.S.C. § 1415(f) (describing hearing procedures). By consent decree entered on December 13, 2006, just prior to the commencement of the

---

[1] *See* defendant's "Local Rule 56.1 Statement of Material Facts" (Item 6-4), and plaintiff's "Statement of Material Facts Not In Dispute" (Item 10-3).

[2] As explained in plaintiff's submissions, J.N.'s disability is severe, affecting all areas of his functioning except for cognitive functioning, where his is at or above average. He is confined to a wheelchair, with no independent mobility. He communicates with a "Dynavox," using switches which he operates with his knees. He requires total assistance with all activities of daily living. *See* Item 10-4, pp. 1-2.

hearing, the parties agreed to maintain J.N.'s educational program (*i.e.*, home instruction with related services) pending the development of a new IEP, and resolved all but one of the issues raised by the due process complaint.  As the result of the consent decree, the only issue remaining for the hearing was whether the District failed to provide properly qualified, trained, and capable personnel to implement J.N.'s program.

The hearing took place over the course of seven days in December 2006 and February 2007, before Impartial Hearing Officer ("IHO") Aaron Turetsky.  In a decision dated March 29, 2007, the IHO found that the District's physical therapist, occupational therapist, certified occupational therapy assistant, school counselor, and speech-language pathologist were qualified to provide services to J.N., but that the District's one-to-one personal aide who had been assigned to J.N. in September and October of 2005 was not qualified to serve in that capacity.  *See* IHO Decision, pp. 19-20 (Item 6-6).  Specifically, IHO Turetsky found "the entirety of [the aide's] testimony unworthy of belief and further . . . that provision of services by her would endanger the student[,]" *id.* at 20, and ordered the District not to provide J.N. with the services of this particular aide.  *Id.* at 21.

The District appealed this portion of the IHO's decision to the New York State Education Department's Office of State Review, and no cross-appeal was filed.  By decision dated June 15, 2007, State Review Officer ("SRO") Paul F. Kelly sustained the District's appeal.  The SRO found that:

> [The parents]' concerns regarding the qualifications of [the District]'s staff and the safety of the child at school during the implementation of the child's 2005–06 IEP were resolved when new IEPs were formulated in which [the District]'s CSE recommended home instruction with related services.  Thus, no meaningful relief can be granted regarding . . . implementation of the August and October 2005 IEPs, and I find that such claims are moot and the exception to the mootness doctrine does not apply.  After [the District]'s CSE

met in August 2006 and recommended that the child be placed in its elementary school for the 2006–07 school year, [the parents] invoked pendency[3] (home instruction with related services) in their due process complaint notice prior to the implementation date of the 2006–07 IEP. When the parties settled the majority of issues in dispute at the commencement of the impartial hearing, [the District] agreed to conduct new evaluations, convene its CSE and formulate a new IEP based upon the child's updated evaluations. Thus, [the parents]' claims regarding [the District]'s future implementation of such an IEP had not yet accrued at the time of the impartial hearing. Accordingly, I find that it was unnecessary for the impartial hearing officer to render a decision with respect to the implementation of the 2006–07 IEP.

SRO Decision, at 4 (internal citations omitted) (Item 6-6).

Plaintiff then filed this action seeking a ruling that SRO Kelly erred in overturning IHO Turetsky's directive with respect to the provision of one-to-one personal aide services. The District moves for summary judgment[4] on the ground that, under the standards for judicial review of administrative decisions in IDEA cases, the court must give substantial deference to the SRO's determination that the issue of one-to-one personal aide services was moot. Plaintiff responds that the court is not bound by the substantial deference

---

[3]The term "pendency" refers to the IDEA's "pendent placement" or "stay put" provision which provides that,"during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . ." 20 U.S.C. § 1415(j); *see also* 34 C.F.R. § 300.518(a); *Mackey ex rel. Thomas M. v. Board of Educ. For Arlington Central School Dist.*, 386 F.3d 158, 163 (2d Cir. 2004).

[4]As the Second Circuit has observed:

> [A] motion for summary judgment in an IDEA case often triggers more than an inquiry into possible disputed issues of fact. Rather, the motion serves as a "pragmatic procedural mechanism" for reviewing a state's compliance with the procedures set forth in IDEA and determining whether the challenged IEP is reasonably calculated to enable the child to receive educational benefits.

*Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397 F.3d 77, 83 n. 3 (2d Cir. 2005) (citing cases; internal quotation marks omitted); *see also Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995) ("Though the parties [in an IDEA action] may call the procedure 'a motion for summary judgment' . . . , the procedure is in substance an appeal from an administrative determination, not a summary judgment.").

standard, and therefore the court should reverse the SRO's determination because the question of the personal aide's qualification to provide services to J.N. is subject to the "capable of repetition yet evading review" exception to the mootness doctrine.

## DISCUSSION

### I.   Judicial Review

Under the IDEA, "[a]ny party aggrieved by the findings and decision" of an IHO or SRO may bring a civil action in federal district court (or a state court of competent jurisdiction), *see* 20 U.S.C. § 1415(i)(2)(A), and the district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C); *see Grim v. Rhinebeck Cent. Sch. Dist.,* 346 F.3d 377, 380 (2d Cir. 2003); *Board of Educ. of City School Dist. of City of New York v. R.R.*, 2006 WL 1441375, at *4 (S.D.N.Y. May 24, 2006). The Supreme Court and the Second Circuit have interpreted this provision to mean that the State Education Department's administrative rulings are subject to "independent" judicial review by the district court. *Board of Education v. Rowley*, 458 U.S. 176, 205 (1982); *see also Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397 F.3d 77, 82 (2d Cir. 2005).

> [T]his "independent" review "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities they review." While federal courts do not simply rubber stamp administrative decisions, they are expected to give "due weight" to these proceedings, mindful that the judiciary generally lacks the "specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy."

*Walczak v. Florida Union Free School Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) (quoting *Rowley*, 458 U.S. at 206, 208) (further internal quotation marks omitted).

However, the "due weight" ordinarily accorded to the state administrative proceedings "is not implicated with respect to . . . issue[s] of law . . . ," *Mrs. B. v. Milford Bd. of Educ.*, 103 F.3d 1114, 1122 (2d Cir. 1997), because "[s]tate hearing officers are not more experienced or expert than courts in interpreting federal statutes or the federal constitution . . . ." *Lillbask*, 397 F.3d at 82. Questions of law, and mixed questions of law and fact, are reviewed *de novo*, "unless they are primarily factual." *Jack P. v. Auburn Union Elementary School Dist.*, 2005 WL 2042269, at *3 (E.D.Cal. August 23, 2005).

In this case, the sole issue for the court's review is whether SRO Kelly erred when he overturned, on the ground of mootness, IHO Turetsky's ruling that the person assigned by the District to provide one-to-one personal aide services to J.N. was not qualified to serve in that capacity.

**II.   Mootness**

The mootness doctrine is rooted in the "case or controversy" requirement of Article III of the Constitution, which embodies "the principle that, at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Board of Educ. of Enlarged City School Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001); *see* U.S. Const. art. III, § 2, cl. 1. A case is moot, and the federal court has no jurisdiction over the litigation, "when the parties lack a legally cognizable interest in the outcome." *Fox v. Bd. of Trustees of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation marks and citations omitted), *cert. denied*, 515 U.S. 1169 (1995).

"The requisite dispute must persist throughout the litigation . . . and if the dispute should dissolve at any time due to a change in circumstances, the case becomes moot." *Russman*, 260 F.3d at 118.[5]

The Supreme Court has long recognized a limited exception to the mootness doctrine, where the plaintiff can show that the challenged action is "capable of repetition, yet evading review . . . ." *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). The exception "applies only in exceptional situations, . . . where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again . . . ." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal quotation marks and citations omitted).

Applying these longstanding principles to the record presented in this case, the court finds ample support for the SRO's determination that the parents' challenge to the qualifications of J.N.'s one-to-one personal aide is moot. The preponderance of the evidence is clear: as attested to by Janet Gajewski, Director of Special Education for the Depew Union Free School District, the aide resigned from her employment with the District effective January 16, 2008, and the District has no plans to rehire her in any capacity (*see* Item 12-7, Supplemental Declaration of Janet Gajewski, at ¶¶ 2-3). There can be no

---

[5]As noted in *Russman*, the mootness question "is a recurring phenomenon in students' suits to vindicate constitutional rights associated with the conditions of their education . . . [since, a]s the student's interest evaporates, so does the requisite case or controversy." *Russman*, 260 F.3d at 119.

reasonable expectation that this particular aide will be assigned by the District to provide one-to-one personal services to J.N. at any time.

Plaintiff argues that the resignation of the personal aide should not affect the court's mootness analysis because, even if this particular aide is no longer employed by the District, the issue remains as to whether the District is able or willing to provide J.N. with a properly trained and competent one-to-one personal aide. However, "mere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence" required for application of the "capable of repetition, yet evading review" exception. *Dennin v. Conn. Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 100-01 (2d Cir. 1996) (internal quotation marks omitted).

In any event, the issue raised at the due process hearing and ruled upon by the IHO, and which the SRO determined to be moot, was whether the specific service providers assigned to J.N. were qualified. The general question as to whether the District will ultimately be able to provide properly trained personnel to implement J.N.'s IEP was neither raised nor ruled upon in the administrative hearings, and plaintiff is precluded from raising it now. *See Bruschini v. Board of Educ. of the Arlington Cent. Sch. Dist.*, 911 F. Supp. 104, 107-08 (S.D.N.Y. 1995) (failure to present claims at administrative hearings bars district court review under IDEA; citing cases).

Based on this analysis, and upon independent review of the administrative rulings at issue, it is clear to the court that there remains no live controversy between plaintiff and defendant with respect to the question whether the person assigned to provide one-to-one personal aide services to J.N. was qualified to serve in that capacity. It is also clear that

this question is not subject to the "capable of repetition, yet evading review" exception to the mootness doctrine. Accordingly, the court finds no error warranting relief from SRO Kelly's June 15, 2007 decision.

## **CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment (Item 6) is granted, plaintiff's cross-motion for summary judgment (Item 10) is denied, and this action is dismissed.

The Clerk of the Court shall enter judgment in favor of defendant.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   September 30, 2008
p:\opinions\07-533.sep3008